IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LAWRENCE HEATH**, and **MARIA MARTINEZ**, on behalf of themselves and all other similarly situated employees similarly situated, known and unknown,<br><br>Plaintiff,<br>v.<br><br>**PEDRAZA REALTY, INC.** an Illinois corporation, **MID-AMERICAN REAL ESTATE INVESTMENT CORP.**, an Illinois corporation, **EDGAR PEDRAZA**, individually, and **JOANNA OSGOOD**, individually,<br><br>Defendants. | Civil Action<br><br><br><br><br><br>No.<br><br><br><br><br><br><br><br>JURY DEMAND |

## COMPLAINT

By and through their attorneys of record and on behalf of themselves and all other similarly situated employees, known and unknown, the plaintiffs, **LAWRENCE HEATH**, and **MARIA MARTINEZ**, (the "Plaintiffs"), hereby complain of the defendants, **PEDRAZA REALTY, INC.** ("PRI"), an Illinois corporation, **MID-AMERICAN REAL ESTATE INVESTMENT CORP.** ("MAREIC"), an Illinois corporation, **EDGAR PEDRAZA**, individually, and **JOANNA OSGOOD**, individually, (collectively the "Defendants"). Pleading hypothetically and in the alternative, the Plaintiffs allege as follows:

### I. INTRODUCTION

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendants' failure to pay overtime compensation to the Plaintiffs, and to other similarly situated employees of the Defendants

(the "Collective Class"). The Plaintiffs routinely worked in excess of 40 hours per week for the Defendants, but the Defendants failed and refused to pay them time-and-one-half overtime compensation for the hours they worked in excess of 40 as the FLSA requires. Upon information and belief, the Defendants failed and refused to pay the Collective Class members time-and-one-half overtime compensation for the hours they worked in excess of 40 as well; and, upon information and belief, the Defendants continue this improper payroll practice through the present day. In Count I, the Plaintiffs bring claims pursuant to Section 216(b) of the FLSA.

2. Additionally, the Defendants failed and refused to pay the Plaintiffs at a rate not less that both the federal and Illinois minimum wage rates. Upon information and belief, the Defendants employed the same improper payroll practice with the Collective Class members, and continue to do so through the present day.

3. In Counts II and III, the Plaintiff brings supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq*. The rights and remedies set forth in these statutes are generally similar and analogous to those that Congress set forth in the FLSA.

**The Defendants' Scheme to Avoid Paying Overtime Compensation and Minimum Wage**

4. The Defendants intentionally misclassified the Plaintiffs exempt employees in order to avoid paying them proper overtime compensation at the rate of one and one-half times their regular hourly wage rates.

5. Upon information and belief, the Defendants intentionally misclassified, and continue to misclassify, the Collective Class members as exempt employees in order to

avoid paying them proper overtime compensation at the rate of one and one-half times their regular hourly wage rates.

6. The Defendants intentionally misclassified the Plaintiffs exempt employees in order to avoid paying them at rates not less than the federal minimum wage rate.[1]

7. Upon information and belief, the Defendants intentionally misclassified, and continue to misclassify, the Collective Class members as exempt employees in order to avoid paying them at rates not less than the federal minimum wage rate

8. From about December, 2009, to about July 26, 2012 (the "Employment Period"),[2] the Plaintiffs worked as building maintenance technicians for the Defendants.

9. For example, during the Employment Period, the Defendants allowed and directed the Plaintiffs to perform tasks at the properties they own and/or manage, including but not limited to: a) painting; b) resurfacing floors; c) extermination; landscaping; d) changing lights; and e) janitorial duties.

10. From about March 15, 2012, to about June 15, 2012, the plaintiff, LAWRENCE HEATH, did not work for the Defendants; but during this period, Heath quit, began working full time for another employer, eventually quit that job, and returned to work full time for the Defendants.

11. Other than the period indicated in the preceding paragraph, during the Employment Period, the Plaintiffs did not work for any other employers.

---

[1] The Illinois minimum wage rate has been higher than the federal rate during the period of the Plaintiffs' employment by the Defendants and therefore, *a fortiori*, the Defendants failed to pay the Plaintiffs at rates not less than the Illinois minimum rate.

[2] The plaintiff, LAWRENCE HEATH, did not work for the Defendants from about March 12, 2012, to about June 15, 2012.

12. During the Employment Period, the Plaintiffs worked an average of 72 hours per week for the Defendants.

13. During the Employment Period, the number of hours that the Plaintiffs worked each week varied between about 50 and 80 (with an average of about 72, as indicated above), but their respective, semi-monthly paychecks were always in the same amount.[3]

14. In most, if not all, of the weeks during the Employment Period, the Defendants paid each of the Plaintiffs a semi-monthly "salary" of $400.00,[4] which rate translates to about $186.05 per week [$800.00 / 4.3 weeks per month = $186.05].

15. Even if the Plaintiffs' job duties would otherwise entitle the Defendants to classify the Plaintiffs as exempt, which is not the case, the Plaintiffs' weekly pay of $186.05 is far below $455.00.

16. Under the FLSA, $455.00 per week is the minimum amount that an employer must pay an employee in order to claim that an employee is "salaried" and exempt from the minimum wage and maximum hour provisions of the FLSA.

17. The Plaintiffs were, and are, not owners or officers of any corporation/s involved in the operation of the Defendants' businesses.

18. Given that the Plaintiffs worked an average of 72 hours per week for the Defendants, the Plaintiffs' *de facto* hourly wage rates were, on average, $2.78 per hour [$400.00 /2 = $200.00; $200.00 / 72 hours = $2.78].

---

[3] This amount may have changed from time to time (for example, the Defendants impermissibly docked the Plaintiffs' pay by $25 each per pay period, when a certain piece of equipment went missing), but the changes were infrequent and minor, and were never related to the number of hours that the Plaintiffs worked each week.

[4] The Plaintiffs were actually paid a net amount of $350.04 on a semi-monthly basis. Because the Defendants failed to provide the Plaintiffs with pay stubs that itemized any deductions the Plaintiffs are not certain, but they estimate that their gross, *pre-tax*, semi-monthly salary was about $400.00.

4

19. In about December, 2012, a key cutting machine went missing from the Defendants' premises after some contractors had performed work on the premises.

20. The Plaintiffs specifically deny any and all knowledge of the circumstances surrounding the missing equipment.

21. After the equipment went missing as described above, in about December, 2012, the Defendants docked each of the Plaintiffs' semi-monthly pay checks by $25.00, which translates to about $11.63 per week [$50.00 per month / 4.3 weeks per month = $11.63] through about February, 2013.

22. The docking practice described above brought the Plaintiffs' *de facto* hourly wage rates down to about $2.42 per hour between about December, 2012, and about March, 2013 [$186.05 per week - $11.63 = $174.42; $174.42 / 72 hours per week = $2.43 per hour].

23. The Plaintiffs are domestic partners.

24. During the Employment Period, the Defendants provided the Plaintiffs an apartment in which to live.

25. The Defendants claim that their provision of the apartment to the Plaintiffs should be counted in the tally of the Plaintiffs' wages.

26. The Defendants claim that a total of $1,000.00 per month should be offset from the Plaintiffs' wages in return for the apartment.

27. However, upon information and belief, the Defendants routinely rent similar apartments, which are the same size or larger, to the general public for about $800.00 per month.

28. Therefore, the total amount that could be applied to the Plaintiffs' compensation, as an offset for room and board, is $400.00 per month for each Plaintiff.

29. But, even if the claimed amount of $1,000.00 were applied, it would not bring the Plaintiffs' wages above the minimum rate.

30. For example, even if the Defendants' claimed offset of $1,000.00 per month applied, the Plaintiffs' *de facto* hourly rates would only be about $4.19 per hour [$1,000.00 / 2 = $500.00 per month per Plaintiff; $500.00 per month / 4.3 weeks per month = $116.28; $186.05 + $116.28 = $302.33 per week, per Plaintiff; $302.33 / 72 hours per week = $4.19 per hour *de facto* hourly rate].

31. $4.19 per hour is less than the federal minimum wage in effect during the Employment Period, and is less than the Illinois minimum wage rate/s in effect during the Employment Period.

32. If $800.00, rather than $1,000.00, is used as an offset, the Plaintiffs' *de facto* hourly rates would be even lower.

33. In any case, the Defendants are barred from claiming that the room and board provided to the Plaintiffs should be offset from the Plaintiffs' wages because, upon information and belief, the Defendants failed to comply with 29 CFR 531, and 29 CFR 516.27.

34. Whether room and board is factored into the Plaintiffs' wages, the Defendants failed and refused to pay the Plaintiffs overtime compensation at the rate of one and one-half times their regular hourly rates.

## II. THE PARTIES

35. The Plaintiffs is an individuals domiciled within Illinois and reside within the Northern District of Illinois.

36. EDGAR PEDRAZA is an individual who, upon information and belief, is domiciled in Illinois and resides within the Northern District of Illinois.

37. JOANNA OSGOOD is an individual who, upon information and belief, is domiciled in Illinois and resides within the Northern District of Illinois.

38. PRI is an Illinois corporation that maintained, and maintains, a registered office in Illinois at 3446 N. New England Ave., Chicago, IL 60634.

39. At all times relevant to this action, the following defendants were/are corporate officers of PRI: a) EDGAR PEDRAZA; and b) upon information and belief, JOANNA OSGOOD.

40. At all times relevant to this action, the following defendants held/hold and ownership interest in PRI: a) EDGAR PEDRAZA; and b) upon information and belief, JOANNA OSGOOD.

41. At all times relevant to this action, the following defendants exercises/exercise significant control over PRI's day-to-day operations: a) EDGAR PEDRAZA; and b) JOANNA OSGOOD.

42. At all times relevant to this action, the following defendants exercised/exercise significant control over PRI's payroll policies and practices: a) EDGAR PEDRAZA; and b) JOANNA OSGOOD.

43. At all times relevant to this action EDGAR PEDRAZA had/has the power to: a) hire and fire PRI's employees, including the Plaintiff and the Collective Class members; b) set the work schedules of PRI's employees, including the Plaintiff and the Collective Class members; c) direct the work of PRI's employees, including the Plaintiff and the

Collective Class members; and d) set the pay rates of PRI's employees, including the Plaintiff and the Collective Class members.

44. At all times relevant to this action JOANNA OSGOOD had/has the power to: a) hire and fire PRI's employees, including the Plaintiff and the Collective Class members; b) set the work schedules of PRI's employees, including the Plaintiff and the Collective Class members; c) direct the work of PRI's employees, including the Plaintiff and the Collective Class members; and d) set the pay rates of PRI's employees, including the Plaintiff and the Collective Class members.

45. MAREIC is an Illinois corporation that maintained, and maintains, a registered office in Illinois at 3446 N. New England Ave., Chicago, IL 60634.

46. At all times relevant to this action, the following defendants were/are corporate officers of MAREIC: a) EDGAR PEDRAZA; and b) upon information and belief, JOANNA OSGOOD.

47. At all times relevant to this action, the following defendants held/hold and ownership interest in MAREIC: a) EDGAR PEDRAZA; and b) upon information and belief, JOANNA OSGOOD.

48. At all times relevant to this action, the following defendants exercises/exercise significant control over MAREIC's day-to-day operations: a) EDGAR PEDRAZA; and b) JOANNA OSGOOD.

49. At all times relevant to this action, the following defendants exercised/exercise significant control over MAREIC's payroll policies and practices: a) EDGAR PEDRAZA; and b) JOANNA OSGOOD.

50. At all times relevant to this action EDGAR PEDRAZA had/has the power to: a) hire and fire MAREIC's employees, including the Plaintiff and the Collective Class members; b) set the work schedules of MAREIC's employees, including the Plaintiff and the Collective Class members; c) direct the work of PRI's employees, including the Plaintiff and the Collective Class members; and d) set the pay rates of MAREIC's employees, including the Plaintiff and the Collective Class members.

51. At all times relevant to this action JOANNA OSGOOD had/has the power to: a) hire and fire MAREIC's employees, including the Plaintiff and the Collective Class members; b) set the work schedules of MAREIC's employees, including the Plaintiff and the Collective Class members; c) direct the work of PRI's employees, including the Plaintiff and the Collective Class members; and d) set the pay rates of MAREIC's employees, including the Plaintiff and the Collective Class members.

### III. JURISDICTION AND VENUE

52. Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

53. Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

54. Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within the Northern District of Illinois.

### IV. STATUTORY CONSENT

55. The Plaintiffs bring this case as a collective action under the FLSA on behalf of themselves and the Collective Class, and in accord with Section 16(b) of the FLSA, the Plaintiffs have given written consent to bring such an action (attached as group **Exhibit A**).

9

## V. GENERAL ALLEGATIONS

56. At all times relevant to this action, the Defendants, and each of them, were the Plaintiffs' "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

57. At all times relevant to this action, the Defendants are/were the Collective Class members' "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants act/acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

58. At all times relevant to this action, the Defendants were the Plaintiffs' "employer" within the meaning of Section 3(c) of the IMWL in that the Defendants acted directly or indirectly in the interest of the "employer" in relation to the Plaintiffs, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

59. PRI had gross receipts in excess of $500,000.00 in: a) 2006; b) 2007; c) 2008; d) 2009; e) 2010; f) 2011; g) 2012; and h) the twelve-month period beginning July 1, 2012, and ending June 30, 2013.

60. MAREIC had gross receipts in excess of $500,000.00 in: a) 2006; b) 2007; c) 2008; d) 2009; e) 2010; f) 2011; g) 2012; and h) the twelve-month period beginning July 1, 2012, and ending June 30, 2013.

61. The Defendants, and their affiliated business entities, which entities operated real estate management and/or real estate development businesses, had gross receipts in excess of

$500,000.00 in: a) 2006; b) 2007; c) 2008; d) 2009; e) 2010; f) 2011; g) 2012; and h) the twelve-month period beginning July 1, 2012, and ending June 30, 2013

62. At all times relevant to this action, the Defendants operated, controlled and/or constituted an "enterprise" within the meaning of Section 3(r) of the FLSA (the "Enterprise").

63. At all times relevant to this action, the Enterprise operated a real estate management and/or real estate development business within the Northern District of Illinois.

64. Upon information and belief, the Enterprise may operate, and may have operated, additional establishments in Illinois.

65. At all times relevant to this action, the Plaintiffs were an "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

66. At all times relevant to this action, the Collective Class members are/were "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

67. At all times relevant to this action, the Plaintiffs were an "employees" of the Defendants within the meaning of Section 3(d) of the IMWL.

68. During the course of their employment by the Defendants, the Plaintiffs handled goods that moved in interstate commerce including but not limited to pesticides, chemical fertilizers, paint and cleaning solvents.

69. During the course of their employment by the Defendants, the Collective Class members handled/handle goods that moved in interstate commerce including but not limited to pesticides, chemical fertilizers, paint and cleaning solvents.

70. During the course of their employment by the Defendants, the Plaintiffs and the Collective Class members were/are not exempt from the minimum wage and maximum hour provisions of the FLSA.

71. During the course of their employment by the Defendants, the Plaintiffs were not exempt from the minimum wage and maximum hour provisions of the IMWL.

72. The Defendants routinely and as a matter of practice and policy required the Plaintiffs to work more than 40 hours per week, but then failed and refused to pay them overtime compensation at rates not less than one and one-half times their regular hourly rates for the hours they worked in excess of 40 in given weeks.

73. Upon information and belief, the Defendants routinely and as a matter of practice and policy required/require the Collective Class members to work more than 40 hours per week, but then failed/fail and refused/refuse to pay them overtime compensation at rates not less than one and one-half times their regular hourly rates for the hours they worked in excess of 40 in given weeks.

74. The Defendants routinely and as a matter of practice and policy failed to pay the Plaintiffs at rates not less than the federal minimum wage rate.

75. Upon information and belief, the Defendants routinely and as a matter of practice and policy failed to pay the Collective Class members at rates not less than the federal minimum wage rate.

### COUNT I
### (Violation of the FLSA)

76. The Plaintiffs hereby re-allege the foregoing allegations.

77. Among other ways, the Defendants violated the FLSA by:

   a. failing to pay the Plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were employed;

   b. failing to pay the Plaintiffs at rates not less than the applicable, federal minimum wage rate;

   c. failing to accurately record the number of hours the Plaintiffs worked each week;

   d. failing to provide the Plaintiffs with pay stubs that accurately listed the number of hours they worked each week; and

   e. intentionally misclassifying the Plaintiffs as exempt, salaried employees, as part of a scheme to avoid paying them proper overtime compensation and minimum wage.

78. Upon information and belief, the Defendants also violated the FLSA by:

   a. failing to pay the Collective Class members for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were/are employed;

   b. failing to pay the Collective Class members at at rates not less than the applicable, federal minimum wage rate;

   c. failing to accurately record the number of hours the Collective Class members worked/works each week;

   d. failing to provide the Collective Class members with pay stubs that accurately listed/list the number of hours they worked/work each week; and

   e. intentionally misclassifying the Collective Class members as exempt, salaried employees, as part of a scheme to avoid paying them proper overtime compensation and minimum wage.

79. The Defendants' violation of the FLSA was willful in that the Defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

80. The Defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

WHEREFORE the Plaintiffs, on behalf of themselves and the Collective Class, pray for judgment in their favor and against the Defendants, and for the following relief:

A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the Defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate at which the plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the Defendants failed to pay the plaintiffs at a rate equal to or greater than the mandatory minimum rate;

C. statutory liquidated damages as allowed by the FLSA;

D. interest on all amounts awarded;

E. attorneys' fees, together with costs of suit and collection; and

F. such further relief as may be fair and just in the premises.

## COUNT II
## (Violation of the IMWL)

81. The Plaintiffs hereby re-alleges the foregoing allegations.

82. Among other ways, the Defendants violated the IMWL by:

   a. failing to pay the Plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they was employed;

   b. failing to pay the Plaintiffs at rates not less than the applicable, Illinois minimum wage rate;

   c. failing to accurately record the number of hours the Plaintiffs worked each week;

      d. failing to provide the Plaintiffs with pay stubs that accurately listed the number of hours he worked each week; and

      e. intentionally misclassifying the Plaintiffs as exempt, salaried employees, as part of a scheme to avoid paying them proper overtime compensation and minimum wage.

83. The Defendants were aware or should have been aware of its obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

84. The Defendants failed to take affirmative steps to ascertain their obligations under the IMWL.

WHEREFORE the Plaintiffs prays for judgment in their favor and against the Defendants, and for the following relief:

    A. damages in an amount equal to the unpaid overtime compensation due and owing to the Plaintiffs for each hour the Plaintiffs worked in excess of 40 in any given week, but for which the Defendants failed to pay the Plaintiffs at rates equal to or greater than one and one-half times the regular rate at which the Plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

    B. statutory punitive damages as allowed by the IMWL;

    C. interest on all amounts awarded;

    D. attorneys' fees, together with costs of suit and collection; and

    E. such further relief as may be fair and just in the premises.

## COUNT III
### (Violation of the IWPCA)

85. The Plaintiffs hereby re-alleges the foregoing allegations.

86. Among other ways, the Defendants violated the IWPCA by:

      a. impermissibly docking the Plaintiffs' wages by $50.00 per month as described above;

15

    b. failing to pay the Plaintiffs certain overtime wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each semi-monthly monthly pay-period; and

    c. failing to pay the Plaintiffs certain wages (the difference between the applicable, Illinois minimum wage rate and the Plaintiffs' *de facto* rates) within either 7 days of the close of each relevant workweek, or within 13 days of the close of each semi-monthly monthly pay-period.

WHEREFORE the Plaintiffs pray for judgment in their favor and against the Defendants, and for the following relief:

    A. damages in an amount equal to the unpaid wages (including but not limited to overtime compensation) due and owing to the Plaintiffs for each hour the Plaintiffs worked but for which the Defendants failed to pay the Plaintiffs at a rate equal to the regular rate at which the Plaintiffs were employed (and as applicable, one-and-one-half times the regular rate at which the Plaintiffs were employed – for those hours over 40 in any given workweek);

    B. damages in an amount equal to the wages that the Defendants impermissibly docked from the Plaintiffs' pay as described above;

    C. interest on all amounts awarded;

    D. attorneys' fees, together with costs of suit and collection; and

    E. such further relief as may be fair and just in the premises.

## JURY DEMAND

The Plaintiffs hereby demand trial by jury of all issues set forth herein that are capable of being tried by a jury.

                                       Respectfully submitted,

                                       /s/Paul Luka
                                       One of the Plaintiffs' Attorneys

Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street · Suite 400
Chicago, IL 60603
312.236.9825

Kelli Dudley, Esq.
Law Office of Kelli Dudley
9130 South Houston, LL
Chicago, Illinois 60617
(312)771-9770

# EXHIBIT A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C., to pursue his/her claims for unpaid wages, and other relief, against Edgar Pedraza, Joanna Osgood, Mid-American Real Estate Investment Corp., Pedraza Realty, Inc., and any other person/s who may have employed him/her in conjunction with said person/s (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of him/herself and all other similarly situated employees, known and unknown, pursuant to 29 U.S.C. 216(b).

_____
LAWRENCE HEATH

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C., to pursue his/her claims for unpaid wages, and other relief, against Edgar Pedraza, Joanna Osgood, Mid-American Real Estate Investment Corp., Pedraza Realty, Inc., and any other person/s who may have employed him/her in conjunction with said person/s (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of him/herself and all other similarly situated employees, known and unknown, pursuant to 29 U.S.C. 216(b).

_____
MARIA MARTINEZ